UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROSSI KING, | ) | |
| Plaintiff, | ) | |
|  | ) | Civil Action No. |
| v. | ) | 17-11616-IT |
|  | ) | |
| RICHARD LUNNIN, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

January 5, 2018

**TALWANI, D.J.**

For the reasons stated below, this action is dismissed for lack of subject matter jurisdiction.

On August 25, 2017, Rossi King ("King") filed a *pro se* complaint. *See* Complaint ("Compl."), Docket No. 1. The court subsequently advised King that her complaint failed to identify a basis for this court's jurisdiction and also failed to state a claim upon which relief may be granted. *See* Memorandum and Order ("M&O"), Docket No. 7. The court provided King an opportunity to file an amended complaint that stated what each defendant allegedly did wrong and that identified a basis for the court's subject matter jurisdiction. *Id.*

Now before the Court is King's amended complaint. *See* Amended Complaint ("Am. Compl."), Docket No. 10. The amended complaint details the events surrounding a motor vehicle accident which allegedly occurred after Defendant Richard Lunnin "came to [King's] home to help move a chest (armoire)." *See* Docket No. 10-1, p. 3. It seeks to assert counts for negligence and strict liability, and asserts damages for physical pain and suffering, mental and emotional

anguish and suffering, loss of enjoyment of life, economic losses, including wages and benefits, medical and related expenses, and discrimination." Id., p. 16; see also See Am. Compl., ¶ II(B)(3).

King identifies no basis for federal question jurisdiction (other than the diversity of citizenship statute, 28 U.S.C. § 1332), and instead asserts that she resides in Georgia, Defendant Richard Lunnin resides in Massachusetts, and this court therefore has jurisdiction based on diversity of citizenship. *See* Docket Nos. 10, ¶ II(B) (Georgia); Docket No. 10-1, ¶ 1 (Georgia). However, diversity between the parties must exist **at the time the action is filed**. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004) (emphasis added). "For purposes of diversity, a person is a citizen of the state in which he is domiciled." *Padilla–Mangual v. Pavia Hospital*, 516 F.3d 29, 31 (1st Cir. 2008), and "[d]omicile is determined at the time the suit is filed." *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010). Here, in her Affidavit filed in support of her request to proceed without prepayment of legal fees states, King stated, under penalty of perjury, that her address at that time was Quincy, Massachusetts. Docket No. 6. Accordingly, even if King has since moved, this federal court does not have jurisdiction over the action.

Based upon the foregoing, it is it is hereby ORDERED that this action is DISMISSED based on this court's lack of subject matter jurisdiction.
**So ordered.**

                                                  /s/ Indira Talwani
                                                  United States District Judge

Dated: January 5, 2018